Vacated by Supreme Court, March 21, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4883**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOSE BRETON-PICHARDO, a/k/a Rolando Berberena,

                              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Samuel G. Wilson, Chief District Judge.  (CR-03-6)

───────────

Submitted:  September 17, 2004      Decided:  November 30, 2004

───────────

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant.  William Frederick Gould, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jose Breton-Pichardo pled guilty to conspiracy to possess with intent to distribute less than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Breton-Pichardo to 262 months of imprisonment followed by eight years of supervised release. Breton-Pichardo appeals his conviction and sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal. Finding no error, we affirm.*

Counsel first questions whether trial counsel provided ineffective assistance of counsel by failing properly to advise Breton-Pichardo of the application of the sentencing guidelines regarding career offender status. Claims of ineffective assistance generally are not cognizable on direct appeal, but should be asserted on collateral review. Only if ineffective assistance is conclusively established on the face of the record should such claims be entertained on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because ineffective assistance is

---

*Counsel for Breton-Pichardo has filed a motion seeking permission to provide supplemental argument to challenge the sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004). We grant the motion and construe the motion as the supplemental brief attacking the sentence under Blakely. In light of the opinion issued by the en banc court in United States v. Hammoud, __ F.3d ___, 2004 WL 2005622 (4th Cir. Sept. 8, 2004) (No. 03-4253), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193), we find no Blakely error in Breton-Pichardo's sentence.

not conclusively shown on the face of the record, Breton-Pichardo must assert his claim on collateral review.

Next, counsel raises as a potential issue that trial counsel was ineffective because he failed to argue that the career offender provision in the presentence report's offense level computation overstated Breton-Pichardo's criminal history. However, ineffective assistance is not conclusively shown on the face of the record in this regard either; therefore, Breton-Pichardo's claim should be asserted on collateral review.

As required by <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Breton-Pichardo's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>