**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4883**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE BRETON-PICHARDO, a/k/a Rolando Berberena,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8495)

Submitted:  October 14, 2005        Decided:  December 1, 2005

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant.  John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jose Breton-Pichardo appealed his conviction and 262-month sentence following his guilty plea to one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2000). Breton-Pichardo's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting ineffective assistance of trial counsel. This court granted counsel's motion to file a supplemental brief asserting a claim under Blakely v. Washington, 542 U.S. 296 (2004),* and, in the same opinion, affirmed Breton-Pichardo's conviction and sentence. See United States v. Breton-Pichardo, No. 03-4883, 2004 WL 2712440 (4th Cir. Nov. 30, 2004) (unpublished). The United States Supreme Court granted Breton-Pichardo's petition for writ of certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

The government has moved to dismiss the appeal based upon Breton-Pichardo's waiver of appellate rights. In his plea agreement, Breton-Pichardo waived the right to appeal sentencing guidelines factors. In United States v. Blick, 408 F.3d 162 (4th Cir. 2005), this court determined that a waiver of the right to appeal in a plea agreement entered into prior to the Supreme

---

*Breton-Pichardo also filed a pro se supplemental brief.

- 2 -

Court's decision in <u>Booker</u> was not invalidated by the change in law and that <u>Booker</u> error fell within the scope of a generic waiver. <u>Blick</u>, 408 F.3d at 169-70.

We find that Breton-Pichardo knowingly and voluntarily waived appellate review of <u>Booker</u> claims. Accordingly, we grant the government's motion to dismiss and dismiss this portion of the appeal. We also reinstate our November 30, 2004 opinion affirming the district court's judgment in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND DISMISSED IN PART</u>